*ELECTRONICALLY FILED*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# FRANKFORT DIVISION

| | |
|---|---|
| ALTERRA AMERICA INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. ) |
| KENTUCKY RETIREMENT SYSTEMS, BRENT ALDRIDGE, T.J. CARLSON, WILLIAM COOK, JENNIFER ELLIOTT, THOMAS ELLIOTT, BOBBY D. HENSON, VINCE LANG, TIMOTHY LONGMEYER, RANDY OVERSTREET, DAVID PEDEN, and WILLIAM A. THIELEN, | ) ) **COMPLAINT FOR** ) **INTERPLEADER** ) ) ) ) ) ) |
| Defendants. | ) ) |

## INTRODUCTION

1. Alterra America Insurance Company ("AAIC") files this interpleader action because it is subject to conflicting and competing demands for the remaining limit of a $5 million governmental fiduciary liability insurance policy (the "Policy") that it issued to Kentucky Retirement Systems ("KRS").

2. In December 2017, certain trustees and officers of KRS, Brent Aldridge, T.J. Carlson, William Cook, Jennifer Elliott, Thomas Elliott, Bobby D. Henson, Vince Lang, Timothy Longmeyer, Randy Overstreet, David Peden, and William A. Thielen, were named as defendants in a lawsuit captioned *Jeffrey C. Mayberry, et al. v. KKR & Co., L.P., et al.*, CI-17-1348 (Ky. Cir. Ct., Franklin Cnty.) (the "Mayberry Action"). Among other things, the *Mayberry*

Action alleges that these trustee and officer defendants breached fiduciary duties to KRS. KRS is named as a nominal defendant.

3. To date, AAIC has advanced $1,573,354.44 in **Claim Expenses** under the Policy.[1] Payment of **Claim Expenses** erodes the Limit of Liability of the Policy, and therefore only $3,426,645.56 of the Policy's limit remains.

4. On information and belief, nine of the trustee and officer defendants (the "Settling Defendants") have an opportunity to settle the Mayberry Action for the remainder of the Policy limit. The remaining two individuals (the "Non-Settling Defendants") object to a settlement that would exhaust the Policy, because the Policy would no longer fund their ongoing defense of the Mayberry Action.

5. AAIC presently is subject to competing and conflicting claims to the remaining Policy limit. To permit all interested parties to present their claims to the Policy in an orderly manner, AAIC is prepared to and seeks leave to tender the remaining Policy limit to the Court and requests that the Court enter an injunction relieving AAIC of further liability under the Policy.

## PARTIES

6. AAIC is an insurance company organized and incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Virginia. Accordingly, AAIC is a citizen of Delaware and Virginia.

7. Brent Aldridge ("Aldridge") is an individual who is a citizen of the Commonwealth of Kentucky.

8. T.J. Carlson ("Carlson") is an individual who is a citizen of the State of Texas.

---

[1] Terms in bold are defined terms in the Policy, a true and correct copy of which is attached as Exhibit 1.

9. William Cook ("Cook") is an individual who is a citizen of the Commonwealth of Kentucky.

10. Jennifer Elliott ("J. Elliott") is an individual who is a citizen of the Commonwealth of Kentucky.

11. Thomas Elliott ("T. Elliott") is an individual who is a citizen of the Commonwealth of Kentucky.

12. Bobby D. Henson ("Henson") is an individual who is a citizen of the Commonwealth of Kentucky.

13. Vince Lang ("Lang") is an individual who is a citizen of the Commonwealth of Kentucky.

14. Timothy Longmeyer ("Longmeyer") is an individual who is a citizen of the Commonwealth of Kentucky.

15. Randy Overstreet ("Overstreet") is an individual who is a citizen of the Commonwealth of Kentucky.

16. David Peden ("Peden") is an individual who is a citizen of the State of Missouri.

17. William A. Thielen ("Thielen") is an individual who is a citizen of the Commonwealth of Kentucky.

18. Kentucky Retirement Systems ("KRS") is deemed an agency, arm, and alter ego of the Commonwealth of Kentucky. As such, KRS has no citizenship for purposes of federal diversity jurisdiction.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over this action under 28 U.S.C. § 1335 because there are two or more adverse claimants of diverse citizenship who either demand the right to payment

of money in excess of $500.00 that is in the custody or possession of AAIC or otherwise demand a benefit arising by virtue of the Policy.

20. This Court has personal jurisdiction over each defendant named herein under 28 U.S.C. §§ 1335 and 2361.

21. The action is ripe for adjudication because there are presently competing demands for the remaining Policy limit that exceed that amount.

22. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimant-defendants resides in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this Division, as the Mayberry Action is pending in this Division.

## FACTUAL BACKGROUND

**The Policy**

23. AAIC issued Governmental Fiduciary Liability Insurance Policy Number AGL 0008576 01 (the "Policy") to KRS for the **Policy Period** of April 25, 2014 to April 25, 2015. Policy, Declarations, Items 1-3.

24. The Policy has a $5 million Aggregate Limit of Liability, inclusive of **Claim Expenses**. *Id.*, Declarations, Item 4(a).

25. Subject to its complete terms and conditions, the Policy affords specified coverage to **Insureds** for all **Loss** (including **Claim Expenses**) resulting from a **Claim** first made during the **Policy Period** which results from a **Wrongful Act**. *Id.*, Section I.A.

26. The Policy defines **Loss**, in relevant part, as "**Claims Expenses** and monetary damages, judgments (including pre- and post-judgment interest, if any) or settlements which an **Insured** is legally obligated to pay as a result of a **Claim**." *Id.*, Section II.N.

27. The Policy defines **Claim Expenses** as "reasonable and necessary costs, charges, fees (including but not limited to attorneys' and experts' fees) and expenses incurred by or on behalf of the **Insureds** in the investigation, adjustment, defense or appeal of a **Claim**, including the premium for an appeal, attachment or similar bond pertaining to an appeal. **Claim Expenses** will not include any regular or overtime wages, salaries, fees or benefits of, or overhead expenses associated with or attributable to any **Insured**, or any director, officer, Trustee or employee of any **Insured**" *Id.*, Section II.E.

28. The Limit of Liability to pay damages or settlements will be reduced by and may be exhausted by **Claim Expenses**. *Id.*, Section III.C ("**Claim Expenses** incurred by counsel . . . are part of and not in addition to the applicable Limit of Liability . . . and the payment by the **Insurer** of such **Claim Expenses** will reduce, and may exhaust, the applicable Limit of Liability under this policy.").

29. The Policy provides that "[u]pon the exhaustion of the Limit of Liability applicable to any **Claim**, the **Insurer's** duty to defend such **Claim** will cease and, upon the exhaustion of the **Insurer's** maximum **Aggregate Limit of Liability** under this policy . . . the **Insurer** will therefore have no duty or obligation to defend or to continue to defend any **Claim**." *Id.*, Section III.B.1.

30. Therefore, when AAIC has paid $5 million under the Policy, it will have no further obligation under the Policy to pay **Claim Expenses** or indemnify any **Insured** for any judgment or settlement.

31. Aldridge, Carlson, Cook, J. Elliott, T. Elliott, Henson, Lang, Longmeyer, Overstreet, Peden, Thielen, and KRS are **Insureds** under the Policy.

**The City of Fort Wright Action**

32. On June 2, 2014, KRS was named as a defendant in a lawsuit captioned *City of Fort Wright v. Board of Trustees of the Kentucky Retirement System*, 14-CI-1085 (Ky. Cir. Ct., Kenton Cnty.) (the "City of Fort Wright Action"). The City of Fort Wright Action generally alleges that the board of trustees for KRS breached its fiduciary duties by investing funds in high-risk, low-return investments that were not permitted by Kentucky law or were otherwise improper.

33. By letter dated November 10, 2014, AAIC acknowledged coverage subject to a reservation of rights under the Policy for the City of Fort Wright Action for KRS.

**The Mayberry Action**

34. On December 18, 2017, the Mayberry Action was filed against Aldridge, Carlson, Cook, J. Elliott, T. Elliott, Henson, Lang, Longmeyer, Overstreet, Peden, and Thielen. KRS is named as a nominal defendant in the Mayberry Action. Among other things, the Mayberry Action alleges that these defendants breached fiduciary duties by making unsuitable and imprudent investments.

35. By letter dated March 23, 2018, AAIC acknowledged coverage subject to a reservation of rights under the Policy for the Mayberry Action for Aldridge, Carlson, Cook, J. Elliott, T. Elliott, Henson, Lang, Longmeyer, Overstreet, Peden, Thielen, and KRS. Specifically, AAIC agreed to treat the Mayberry Action as a **Claim** first made during the **Policy Period** of the Policy on the basis of its relation to the City of Fort Wright Action.

36. By letter dated October 4, 2018, subject to a reservation of rights, AAIC again acknowledged coverage under the Policy for the *Mayberry* Action for Aldridge, Carlson, Cook, J. Elliott, T. Elliott, Henson, Lang, Longmeyer, Overstreet, Peden, Thielen, and KRS.

6

**The Competing and Conflicting Claims**

37. There is presently a dispute about the proper distribution of the remaining Policy proceeds.

38. The limit of the Policy has been eroded by payment of **Claim Expenses** for the Mayberry Action. AAIC has paid $1,573,354.44 under the Policy, leaving $3,426,645.56 of the Policy limit. Moreover, because the individual **Insureds** continue to incur defense costs and submit defense invoices for the Mayberry Action, the effective limit of the Policy is less than $3,426,645.56.

39. On information and belief, the plaintiffs in the Mayberry Action have offered to settle their claims against the Settling Defendants in exchange for, among other terms and conditions, the remainder of the Policy's limit.

40. The Non-Settling Defendants have objected to the proposed settlement, because it does not release all of the **Insureds** named as defendants in the Mayberry Action and because it would preclude further advancement of the Non-Settling Defendants' **Claim Expenses** under the Policy. The Non-Settling Defendants have thus argued that AAIC should reject the settlement and continue to advance their **Claim Expenses**.

41. Even if the Settling Defendants do not accept the present settlement demand, upon information and belief, the Mayberry Action plaintiffs are likely to make future settlement offers to some but not all of the individual **Insureds** that require exhaustion of the Policy. Thus, even if the present settlement is not consummated, AAIC will continue to be subject to competing, conflicting demands for the remaining Policy limit.

42. In addition, KRS is entitled to coverage for the **Claim Expenses** it incurs with respect to both the Mayberry Action and the City of Fort Wright Action until the $5 million

Aggregate Limit of Liability under the Policy is exhausted by payments of **Loss**, including **Claim Expenses** and settlements.  While KRS is not currently submitting invoices for these matters, it nonetheless maintains an interest in the Policy to seek reimbursement for and advancement of its **Claim Expenses** in connection with these matters.

## INTERPLEADER

43. AAIC has named as defendants herein all persons or entities who are asserting either a present entitlement to payments under the Policy or to any one or more benefits arising by virtue of the Policy.  Accordingly, all parties who currently assert entitlement to the Policy will be before the Court upon service of this Complaint.

44. As set forth above, AAIC is subject to inconsistent obligations with respect to the remaining $3,426,645.56 Limit of Liability under the Policy.

45. AAIC will seek leave of this Court to tender the Policy's remaining $3,426,645.56 Limit of Liability into the Court's registry by deposit by the Clerk into an interest-bearing account.

## COUNT I—STATUTORY INTERPLEADER

46. AAIC incorporates by reference each of the allegations set forth above.

47. As set forth above, two or more adverse claimants of diverse citizenship are claiming or may claim to be entitled to the proceeds of the Policy or to any one or more of the benefits arising by virtue of the Policy, and AAIC seeks leave to tender the remaining Policy proceeds with the registry of the Court for deposit by the Clerk in an interest-bearing account.

48. The claimants dispute among themselves their entitlement to use of the Policy proceeds or to any one or more of the benefits arising by virtue of the Policy.

49. AAIC faces the threat of multiple, competing claims to the remainder of the Policy's $5 million maximum Aggregate Limit of Liability.

50. AAIC therefore asks the Court to resolve the competing claims to the remaining Policy proceeds.

51. Under 28 U.S.C. § 1335, AAIC is entitled to be discharged from further liability with respect to the proceeds of the Policy.

52. Under 28 U.S.C. § 2361, the Court should enjoin all claimants from instituting or prosecuting any proceeding in any State or United States court affecting the Policy proceeds until further order of this Court and discharge AAIC from further liability to any of the defendants related to the Policy proceeds.

## **RELIEF REQUESTED**

53. Upon service of process of each defendant named herein, and upon its depositing the remaining $3,426,645.56 Limit of Liability into the registry of this Court for deposit by the Clerk into an interest-bearing account, AAIC respectfully requests that the Court enter judgment:

(a) discharging AAIC from any further liability to any person or entity with respect to the proceeds of the Policy;

(b) ordering the claimant-defendants to interplead their rights, if any, to such proceeds;

(c) adjudicating the claimant-defendants' respective rights and obligations with respect to the deposited stake;

(d) enjoining any persons from instituting or prosecuting any action against AAIC in any court with respect to the proceeds of the Policy;

(e) granting any other relief necessary to effectuate the purpose of interpleader; and

(f) granting any other relief that may be proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| March 21, 2019 | By: /s/ Don A. Pisacano<br>Don. A. Pisacano<br>MILLER GRIFFIN & MARKS, PSC<br>Security Trust Building<br>271 W. Short Street, Suite 600<br>Lexington, Kentucky 40507<br>Tel. (859) 255-6676<br>pisacano@kentuckylaw.com<br><br>*Counsel for Alterra America Insurance Company* |

F:\Share\DAP\Alterra America v. KRS, et al\PLEADINGS\Complaint.docx